**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RICHARD ROSADO,

                                    Petitioner,

          v.                                                    No. 9:16-CV-1422
                                                                (TJM/CFH)
D. McCULLOCH, Executive Director of
Central New York Psychiatric Center; J.
NOWICKI, Chief of Mental Health Services
New York Psychiatric Center Sex Offender
Treatment Program,

                                    Respondents.

---

**APPEARANCES:**                           **OF COUNSEL:**

Richard Rosado
169300-305
CNY PC
P.O. Box 300
Marcy, New York 13403
Petitioner pro se

Attorney General for the                    PRISCILLA I. STEWARD, ESQ.
State of New York                           Assistant Attorney General
New York Office
28 Liberty Street
New York, New York 10005
Attorneys for Respondents

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

          Presently pending before the Court is a petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254 by petitioner Richard Rosado ("petitioner").   Dkt. No. 1

("Pet."). On June 22, 2010, a jury in Bronx County Supreme Court found that petitioner

suffered from a mental abnormality as defined by Article 10 of the New York Mental Hygiene Law. See Dkt. No. 1-1 at 2. On December 17, 2010, after a dispositional hearing, the Hon. Cassandra Mullen  determined that petitioner be confined in a secure treatment facility and receive further sex offender treatment. See id. at 2-4. To the best of the Court's knowledge, plaintiff remains civilly committed. See Pet.; Dkt. No. 16. On December 1, 2016, petitioner filed a pro se petition seeking a writ of habeas corpus challenging his continued confinement at Central New York Psychiatric Center ("CNYPC"). See Pet. Respondents opposed that motion, and petitioner filed a traverse. Dkt. Nos. 11, 15. On March 1, 2018, petitioner filed a supplemental reply. Dkt. No. 16. For the following reasons, it is recommended that the petition be denied.

## I. Background

### A. Article 10

"New York's Sex Offender Management and Treatment Act, codified at N.Y. Mental Hygiene Law § 10.01, et seq. (the 'Article 10'), authorizes the indefinite civil confinement or 'strict and intensive' outpatient supervision and treatment of 'sex offender[s] requiring civil management,' defined as 'detained sex offender[s] who suffer[ ] from a mental abnormality.'" Dorsey v. Hogan, 511 F. App'x 96, 98 (2d Cir. 2013) (summary order) (quoting N.Y. MENTAL HYG. LAW §§ 10.03(q), 10.07(f)). Pursuant to Article 10, prior to the anticipated release from confinement of a "detained sex offender," a case review team must determine whether that individual is a "sex offender requiring civil management." N.Y. MENTAL HYG. LAW §§ 10.05(e), 10.06(a). If it is determined that the individual needs civil

2

management, the case review team provides notice of that finding to the individual and the attorney general. Id. § 10.05(g). The attorney general may then file an Article 10 petition in the supreme court or county court where the individual is located. Id. § 10.06(a). Within thirty days of that petition, the court must conduct a hearing to determine whether there is probable cause substantiating that the individual is a sex offender requiring civil management. Id. § 10.06(g). If such probable cause is established, the court must conduct a jury trial, wherein the jury "shall determine by clear and convincing evidence whether the respondent is a detained sex offender who suffers from a mental abnormality." Id. §§ 10.07(a), (d). If the jury concludes that the offender is a "detained sex offender who suffers from a mental abnormality," then the court must determine whether the offender is a "dangerous sex offender requiring confinement or a sex offender requiring strict and intensive supervision." Id. § 10.07(f).

> If the court finds by clear and convincing evidence that the [offender] has a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the [offender] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility, then the court shall find the [offender] to be a dangerous sex offender requiring confinement. In such case, the [offender] shall be committed to a secure treatment facility for care, treatment, and control until such time as he or she no longer requires confinement.

Id.

While confined, the Office of Mental Health ("OMH") must provide the offender and his counsel with annual written notice of the right to petition the court for discharge from confinement. N.Y. MENTAL HYG. LAW § 10.09(a). OMH must also provide the offender with an "examination for evaluation of his or her mental condition made at least once every year

3

(calculated from the date on which the . . . judge last ordered or confirmed the need for continued confinement . . . or the date on which the respondent waived the right to petition for discharge . . ., whichever is later)[.]"  Id. § 10.90(b).  The court must then hold an evidentiary hearing to determine whether the offender should be continued in confinement. Id. § 10.09(d).

## B. Factual Background

Subsequent to the completion of petitioner's prison sentence, a jury found that he suffered from a mental abnormality as defined by Article 10 of the New York Mental Hygiene Law.  Dkt. No. 1-1 at 2.  The Bronx County Supreme Court conducted a dispositional hearing, and, on December 17, 2010, and ordered that petitioner be confined to a secure treatment facility and receive further sex offender treatment.  Id. at 2-4.  On March 8, 2011, the Bronx County Supreme Court entered an Order of Commitment, and the Appellate Division, First Department affirmed that Order.   The New York Court of Appeals denied leave.  See State v. Rosado, 94 A.D.3d 577 (N.Y. App. Div. 2012), lv. denied, 19 N.Y.3d 815 (N.Y. 2012).

In July 2012, the Oneida County Supreme Court conducted an annual review hearing pursuant to New York Mental Hygiene Law § 10.09(a).  See Dkt. No. 1-1 at 11. The court found that, based on the received evidence and testimony, there was "clear and convincing evidence" that petitioner remained a dangerous sex offender requiring confinement in a secure treatment facility.  Id.  The court issued an Order of Confinement dated January 28, 2013.  See id. at 11-12.

In October 2013, the Oneida County Supreme Court conducted a second annual review hearing. See Dkt. No. 1-1 at 19. The court found that "by clear and convincing evidence[, ] [petitioner] continue[d] to have a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control his behavior, that he is likely to be a danger to others and commit sex offenses if not confined to a secure treatment facility." Id. The court issued an Order of Confinement dated March 27, 2014. Id. at 20.

In September 2015, the Oneida County Supreme Court conducted a third annual review hearing. See Dkt. No. 1-1 at 27. The court found that petitioner continued to suffer from a mental abnormality ordered that he remain confined in a secure treatment facility. See id. The court issued an Order of Confinement dated January 15, 2016. Id. at 28.

On July 22, 2016, petitioner sought a fourth annual renewal hearing seeking discharge of his civil confinement. See Dkt. No. 1-1 at 30. Pursuant to respondents' papers, petitioner underwent a psychiatric evaluation by an independent examiner in January 2017. Dkt. No. 11-1 at 7. At the time of the submission of respondents' papers, petitioner's fourth annual hearing was "expected to be scheduled soon." Id.

## II. Discussion[1]

### A. The AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that,

---

[1] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

5

when a state court has adjudicated the merits of a petitioner's claim, a federal court may grant an application for a writ of habeas corpus only if "the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also e.g., Noble v. Kelly, 246 F.3d 93, 98 (2d Cir. 2001); Brown v. Alexander, 543 F.3d 94, 100 (2d Cir. 2008). This is a "difficult to meet," and "highly deferential standard" for evaluating state-court rulings, which "demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

Under section 2254(d)(1), a state-court decision is contrary to clearly established Supreme Court precedent if its "conclusion on a question of law is 'opposite' to that of the Supreme Court or if the state court decides a case differently than the Supreme Court's decision 'on a set of materially indistinguishable facts.'" Brown, 543 F.3d at 100 (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). A state court decision involves an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal principle, but unreasonably applies or unreasonably refuses to extend that principle to the facts of a particular case. See Williams, 529 U.S. at 413; Ramdass v. Angelone, 530 U.S. 156, 166 (2000).

Under the AEDPA, a state court's factual findings are presumed correct, unless that presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e) (1). If the state court failed to decide a claim "on the merits," the pre-AEDPA standard of review

6

applies, and both questions of law and mixed questions of law and fact are reviewed <u>de novo</u>. <u>Washington v. Shriver</u>, 255 F.3d 45, 55 (2d Cir. 2001).

## B. Exhaustion

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (citing <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (internal quotation and other citations omitted)); 28 U.S.C. § 2254(b)(1). The prisoner must "fairly present" his claim in each appropriate state court, including the highest court with powers of discretionary review, thereby alerting that court to the federal nature of the claim. <u>Id.</u>; <u>Bossett v. Walker</u>, 41 F.3d 825, 828 (2d Cir. 1994).

> A habeas petitioner has a number of ways to fairly present a claim in state court without citing "chapter and verse" of the Constitution, including "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation."

<u>Hernandez v. Conway</u>, 485 F. Supp. 2d 266, 273 (W.D.N.Y. 2007) (quoting <u>Daye v. Attorney General</u>, 696 F.2d 186, 194 (2d Cir. 1982)).

## C. Analysis

As respondents set forth, petitioner's claim is arguably unexhausted, as there is no

indication in the record that he has "fairly present[ed]" his claim in each appropriate state court, including New York's highest court. See Baldwin, 541 U.S. at 29; Dkt. No. 11-1 at 9 n.2; see also Sincere M. v. New York Office of Mental Hygiene, No. 13-CV-04028 (LDH), 2018 WL 4344947, at *2 (E.D.N.Y. Sept. 11, 2018) (acknowledging that the exhaustion requirement "also applies to habeas petitions challenging civil commitment proceedings.") (citation omitted)). As such, "there is no basis [for the federal court] to retain jurisdiction over a petition that contains only unexhausted claims." Shomo v. Maher, No. 04 Civ. 4194(KMK), 2005 WL 743156, at *7 n. 12 (S.D.N.Y. Mar. 31, 2005). Thus, because petitioner's claim is unexhausted, and because he retains the ability to raise this claim in state court proceedings, the undersigned finds that plaintiff's habeas petition challenging his order of civil confinement is not properly before this Court.

Federal district courts, however, have the discretion to dismiss unexhausted claims on the merits if the claims are "plainly meritless" or "patently frivolous." Rhines v. Weber, 544 U.S. 269, 277 (2005); Mercedes v. Superintendent, No. 9-12-CV-687 (DNH), 2014 WL 2711803, at *6 (N.D.N.Y. June 16, 2014); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Accordingly, this Court has reviewed petitioner's unexhausted claim challenging his civil confinement and recommends that it be found plainly meritless.

Petitioner's argument that he is being confined in CNY PC pursuant to expired Orders of Confinement is misplaced. See generally Pet. As respondents argue, the Orders of Confinement issued by Oneida Supreme Court do not provide for an expiration

8

date of petitioner's confinement.  See Dkt. No. 11-1 at 7.  Pursuant to Article 10, petitioner's Orders of Confinement set forth that petitioner "shall be provided . . ., at least annually, calculated from [the date of the last renewal], with an examination for evaluation of his mental condition, and . . . with annual written notice of the right to petition the Court for discharge."  Dkt. No. 1-1 at 12 (noting that the date be calculated from July 18, 2012), 19 (noting that the date be calculated from October 16, 2013), 27 (noting that the date be calculated from September 2, 2015).  Petitioner seems to interpret this language as entitling him to release from confinement if the state court fails to issue a new Order of Confinement within one year of the abovementioned dates.  Petitioner's interpretation, however, is incorrect.  In accordance with respondents' argument, the Orders do not provide a date for the termination of petitioner's confinement, but, instead, signify the beginning of the annual review process set forth in Article 10.  See N.Y. MENTAL HYG. LAW § 10.09(b); Dkt. No. 11-1 at 8.

Moreover, as the Oneida County Supreme Court explained to petitioner in a March 2018 proceeding, the annual review date "is *not* an expiration date for [petitioner's] order of commitment[; instead] . . . his annual evaluation is the *starting point* for his annual review proceeding, not its ending."  Richard R. v. State, 59 Misc.3d 941, 946 (N.Y. Sup. Ct. 2018) (emphasis in original).  The court explained that Article 10 "does not [ ] envision a mental condition examination occurring every calendar year, since MHL § 10.09(b) defines the timing for such examination as one year from the date on which a court last ordered or confirmed the need for continued confinement, or the date on which an [offender] waives his right to petition for discharge, whichever is later."  Id. at 946-47.

9

Instead, Article 10 "provides that a[n offender] is to be provided with a mental condition examination within a year of the latest date upon which the authority to confine was granted[.]" Id. at 947.

Thus, as petitioner has incorrectly interpreted the language of his Orders of Confinement, the undersigned concludes that he is not entitled to habeas relief. Accordingly, it is recommended that petitioner's petition be denied.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby,

**RECOMMENDED**, that petitioner's petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED**; and it is

**RECOMMENDED**, that no certificate of appealability should be issued with respect to any of petitioner's claims as petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

DATED:     September 26, 2018
           Albany, New York

Christian F. Hummel
U.S. Magistrate Judge